UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lanay Harris,

    Plaintiff,

v.                                                      Case No. 10-10810

                                                           Honorable Sean F. Cox

The Federal National Mortgage Association, *et al.*,

    Defendant(s).

_____/

## **OPINION & ORDER GRANTING**
## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed a quiet title action, alleging that Defendants recorded a Sheriff's Deed in violation of the controlling statute for foreclosure by advertisement. Specifically, Plaintiff alleges that Defendants neglected to satisfy M.C.L. § 600.3204(1)(c). The matter is currently before the Court on Plaintiff's Motion for "Summary Disposition Judgment" and Defendants' Counter-Motion to Dismiss and/or for Summary Judgment. Plaintiff did not file a response to the motion, even after this Court issued an order directing Plaintiff to show cause in writing why the unopposed motion should not be granted. The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motion will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall DENY Plaintiff's Motion for "Summary Disposition Judgment" and GRANT Defendants' Counter-Motion for Summary Judgment.

PROCEDURAL HISTORY

Acting *pro se*, Plaintiff filed suit against Defendants the Federal National Mortgage

1

Association and JPMorgan Chase Bank in Wayne County Circuit Court on or about February 1, 2010. Plaintiff's complaint alleges the Sheriff's Deed is invalid because Defendants failed to follow the controlling statute governing foreclosures by advertisement. In particular, Plaintiff alleges that Defendants neglected to satisfy M.C.L. § 600.3204(1)(c), which states that " the mortgage containing the power of sale has been properly recorded and if the party foreclosing is not the original mortgagee, a record chain of title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage."

Defendants removed this action to this Court on February 26, 2010 based on diversity jurisdiction. Defendants later filed a "Supplement to Notice of Removal" (D.E. 6) wherein Defendants advised that Plaintiff had filed, but not served upon Defendants, a "Motion for Summary Disposition Judgment" in the state court prior to removal. In this motion, Plaintiff claims that Defendants failed to meritoriously defend themselves from the allegations by Plaintiff and Defendants had not submitted evidence of the recorded chain of assignments.

Defendants filed the instant Motion to Dismiss and/or for Summary Judgment on April 1, 2010, alleging that Plaintiff failed to state a claim upon which relief can be granted, and has failed to present a genuine issue of material fact for trial.

On May 4, 2010, this Court sent written notice to the parties advising them about the above motions and scheduling the motions to be heard by the Court on June 24, 2010.

Pursuant to Rule 7.1(b) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(d) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiff

opposes Defendants' pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion.

Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of May 24, 2010, no brief in opposition to the pending motion had been filed by Plaintiff.

Accordingly, on May 24, 2010, this Court issued a Show Cause Order to Plaintiff, ordering Plaintiff to show cause in writing no later than June 7, 2010 explaining why Defendants' motion should not be granted. Nevertheless, Plaintiff has not filed any response to the pending motion or the Show Cause Order.

STANDARD OF DECISION

Motions to dismiss are governed by FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true. *Kostrezewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). In addition, the Court may consider documents attached to a defendant's motion as part of the pleadings if they are referred to in plaintiff's complaint and are central to plaintiff's claim. *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted). Dismissal is only proper if, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S. Ct. 1955, 1970 (2007).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56 (e)).

Although Plaintiff has not filed a brief opposing Defendants' motion, the Sixth Circuit has instructed that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992)("The trial court must indeed intelligently and carefully review the legitimacy" of an "unresponded-to motion").

UNCONTROVERTED FACTS

Plaintiff's Complaint, and the evidence submitted by Defendants in support of its motion, establishes the following uncontroverted facts.

This case involves a residential property located at 5542 Alter Road, Detroit, Michigan. (Pl.'s Compl. at ¶ 1).

On December 28, 2005, Plaintiff obtained a $96,000 mortgage loan from MortgageIT, Inc. to purchase the property and executed a note in connection with the loan. (Ex. 1 to D.E. 7). In addition, Plaintiff granted a mortgage lien on the Property (the "Mortgage") to Mortgage

4

Electronic Registration Systems, Inc. ("MERS"). The Mortgage was recorded with the Wayne County Register of Deeds on February 1, 2006. (Ex. 2 to D.E. 7).

On March 31, 2009, JPMorgan Chase Bank ("Chase") became the servicing agent. (Ex. 3 to D.E. 7). When Plaintiff defaulted on the loan, Chase began foreclosure proceedings. (Ex. 4 to D.E. 7). MERS assigned its interest in the property to Chase, which became effective on May 31, 2009. (Ex. 5 to D.E. 7). The assignment was executed and later recorded with the Wayne County Register of Deeds on June 9, 2009. (*Id.*)

A foreclosure sale was held on July 1, 2009 and a Sheriff's Deed on Mortgage Foreclosure was executed. (Ex. 6 to D.E. 7). The Sheriff's Deed was recorded with the Wayne County Register of Deeds on July 16, 2009. (*Id.*) The redemption period expired 6 months after the foreclosure sale, which was January 1, 2010. *(Id.)*

## ANALYSIS

In the present case, Plaintiff alleges that Defendants neglected to satisfy the requirements for a foreclosure by advertisement under M.C.L. § 600.3204 (1)(c). Plaintiff's complaint and motion, however, are based upon a version of M.C.L. § 600.3204, which was not in effect at the time the foreclosure took place. (*See* Compl. ¶ 3.) The Plaintiff focuses on part (c) of a former version of the statute, which provided "the mortgage containing the power of sale has been properly recorded and if the party foreclosing is not the original mortgagee, a record of chain of title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204 (1)(c).

The applicable statute governing foreclosure by advertisement in effect in Michigan

when the foreclosure at issue took place, however, provides:[1]

>   (1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
>   (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
>   (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
>   (c) The mortgage containing the power of sale has been properly recorded.
>
>   (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.
>
>   (3) *If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record of chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.*

M.C.L. § 600.3204 (effective July 1, 2004) (emphasis added). Defendants have established that they satisfied the requirements under the statute and that Plaintiff's allegations are factually unsupported.

It is undisputed that Plaintiff defaulted on her loan. (Ex. 4 to D.E. 9). There have not been any proceedings to recover the debt secured by the mortgage. Rather, this lawsuit was

---

[1] M.C.L. § 600.3204 was modified in 2004.

brought to this Court by the Plaintiff, the individual that defaulted on the mortgage. The mortgage was recorded with the Wayne County Register of Deeds on February 2, 2006. (Ex. 2 to D.E. 9). Chase became the servicing agent of the mortgage on March 31, 2009. (Ex. 3 to D.E. 9). Therefore, Defendants have satisfied the requirements under M.C.L. § 600.3204(1).

In response to Plaintiff's complaint and motion, Defendants have produced the assignment, which was recorded on June 9, 2009. (Ex. 5 to D.E. 9). The assignment occurred almost one month before the foreclosure sale. According to M.C.L. § 600.3204 (3), "if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." (emphasis added). Therefore, Defendants have shown that the assignment existed prior to the date of sale, which in this case was July 1, 2009. Moreover, the Sheriff's Deed explicitly states that the "said mortgage is now held by JPMorgan Chase Bank, National Association by assignment." (Ex. 6 to D.E. 9).

## CONCLUSION & ORDER

For the reasons set forth above, Plaintiff's Motion for "Summary Disposition Judgment" is DENIED and Defendants' Counter-Motion for Summary Judgment is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: July 13, 2010

I hereby certify that on July 13, 2010, a copy of the foregoing document was served upon counsel of record via electronic means and upon Lanay Harris via First Class Mail at the address below:

Lanay Harris
21108 Southway Drive
Macomb, MI 48044

                                                  S/Shawntel Jackson
                                                  Case Manager